UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BARRY B. MILLER,

        Plaintiff,

v.

PHIL RATH et al.,

        Defendants.
_____/

Case No. 1:18-cv-1368

Honorable Robert J. Jonker

# **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

    I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee County, Michigan. He sues Parole Agent Phil Rath and former MDOC Director Patricia Caruso.

Plaintiff alleges that, on February 28, 2000, Defendant Rath terminated Plaintiff's parole using "bondable misconduct tickets[.]"[1] (Compl., ECF No. 1, PageID.3.) Plaintiff contends that Rath violated MDOC policy because major misconducts for parolees are not considered a violation of parole.

Apparently, Defendant Caruso subsequently denied Plaintiff's request for parole, causing him to serve another 12 years and 5 months in prison. Plaintiff contends that Caruso "relied on no evidence without granting [Plaintiff] a parole[.]" (*Id.*) Plaintiff was released on August 31, 2012. According to his MDOC profile,[2] he is currently serving sentences for offenses committed in 2014.

Plaintiff claims that Defendants did not comply with prison policy, deprived him of due process, and subjected him to double jeopardy.

As relief, Plaintiff seeks damages.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

---

[1] The misconducts must have occurred after the parole board decided to release Plaintiff on parole, but before his actual release.
[2] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=264790.

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Prison Policy

Defendants' alleged failure to comply with prison policy does not state a claim under § 1983. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying

violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

**B. Due Process**

Plaintiff claims that he was deprived of due process. The Court construes the complaint as asserting that Plaintiff was deprived of due process when his parole was revoked by Defendant Rath and when his parole was denied by Defendant Caruso.

To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006). Plaintiff fails to satisfy the elements for such a claim.

1. Parole Revocation

The Supreme Court has held that individuals threatened with the revocation of their parole possess a liberty interest that entitles them to minimal due process protections. *Morrissey v. Brewer*, 408 U.S. 471, 481-84 (1972). In defining those minimal due process protections, the Supreme Court recognized two important stages in the parole revocation process—the preliminary hearing and the revocation hearing. *Id.* at 485. A preliminary hearing should be held promptly after the alleged parole violation or arrest to determine whether probable cause exists to hold the parolee for a revocation hearing. *Id.* at 485-87. If probable cause is found to exist, the parolee has a right to a hearing prior to a final decision on revocation by the state parole authority. *Id.* at 487-88. The minimal due process requirements at the revocation hearing stage include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers;

and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489.

Plaintiff alleges no details about his parole revocation process which would suggest that he was deprived of due process. He simply disagrees with the basis for that revocation. Accordingly, he fails to state a due process claim against Defendant Rath with regard to the revocation of his parole.

2. Parole Denial

Insofar as Plaintiff contends that Defendant Caruso deprived him of due process by denying him parole without sufficient evidence to do so, Plaintiff fails to raise a claim of constitutional magnitude because he had no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

Michigan's discretionary parole system does not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994); *accord Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011); *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Michigan's system held out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. Consequently, Defendant Caruso's failure to grant parole to Plaintiff

did not implicate a federal right. In the absence of a liberty interest in parole, Plaintiff fails to state a claim for a violation of his procedural due process rights.

### C. Double Jeopardy

Plaintiff claims that he has been subjected to double jeopardy. The Double Jeopardy Clause guarantees that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. It protects against multiple punishments and prosecutions for the same offense. *See United States v. Dixon*, 509 U.S. 688, 696 (1993). The protection against multiple punishments for the same criminal act "is designed to insure that the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984).

Plaintiff apparently contends that revoking his parole subjected him to multiple punishments for the same offense. He is mistaken. "Revocation of parole does not violate the double jeopardy clause[,] because it is not a second punishment for an already adjudicated offense; it is simply a reimposition of the previously determined punishment." *Barnes v. U.S. Parole Bd.*, No. 85-1440, 1985 WL 14115, at *1 (6th Cir. Dec. 4, 1985) (citation omitted); *see also United States v. Lester*, No. 95-5765, 1996 WL 28970, at *2 (6th Cir. Jan. 24, 1996) ("Because revocation of both parole and supervised release are deferred punishments for the previously imposed offense, double jeopardy simply does not apply to those proceedings."). Thus, Plaintiff fails to state a double jeopardy claim.

### III. Statute of Limitations

Even if Plaintiff stated a claim, that claim would be barred by the statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich.

Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[3]

Plaintiff's complaint is untimely. He asserts claims accruing no later than August 2012, when he was finally released from prison. Plaintiff had reason to know of the "harms" done to him by that time. However, he did not file his complaint until December 2018, well past Michigan's three-year limit. He provides no explanation for the delay in filing this case. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

Cognizant of the late filing of his complaint, Plaintiff contends that the statute of limitations does not apply because he was not charged with a felony while he was on parole. However, the basis for the revocation of his parole is irrelevant to the statute of limitations and the timeliness of his complaint. Accordingly, the complaint is time-barred.

---

[3] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. §1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See, e.g.*, *Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002). Accordingly, Plaintiff's untimely action may be dismissed for the additional reason that it is frivolous.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed because it is frivolous and fails to state a claim. 28 U.S.C. §§ 1915(e)(2), 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: __January 16, 2019__  /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE